**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*
*Romeo Alado aka Roming Alado*

FILED
DISTRICT COURT OF GUAM
AUG - 4 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. CR00-00125-002 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DEFENDANT ROMEO ALADO'S** |
| ) | **SENTENCING BRIEF** |
| ARTHUR DELA CRUZ, aka ARTURO ) | |
| DELA CRUZ and ROMEO ALADO ) | |
| aka ROMING ALADO, ) | |
| ) | |
| Defendants. ) | |

----------

Defendant, Romeo Alado, hereby submits his Sentencing Brief for the Court's consideration.

**I.**

**DEFENDANT DOES NOT OBJECT TO THE PRESENTENCE INVESTIGATION REPORT.**

Defendant, Romeo Alado, does not object to the Presentence Investigation report by the United States Probation Office, except for the incarceration.

///

## II.

## FACTORS FOR THE COURT TO CONSIDER AT SENTENCING.

Pursuant to the "Advisory" Federal Sentencing Guidelines and 18 U.S.C. 3553, there are various factors that the Court should consider at sentencing. Below are the following factors that the Defendant Romeo Alado wishes the Court to consider with respect to his sentencing.

    A.    §5H1.1. *Age.* Age may be a reason to depart downward in a case in which the Defendant is elderly and infirm and where a form of punishment such as home confinement, might be equally efficient as, and less costly than, incarceration.

In the instant case, the Defendant is a seventy-three (73) year old Asian male, is and, as shown below, is sick and infirm, and home confinement should be appropriate for Defendant.

    B.    §5H1.4. *Physical condition.* In the case of a seriously infirmed Defendant, physical condition and extraordinary physical impairment may be reason to depart downward and home detention may be as efficient and less costly than imprisonment.

In the instant case, the Defendant is a seriously ill and infirm person and is in poor physical health. Defendant suffers from asthma, coronary artery disease, diabetes, and cardiac arrhythmia and, according to Defendant's doctor, Paruataneni Arun, M.D., the Defendant needs regular checkups and takes numerous medications to control his afflictions. Furthermore, Defendant is under the risk of suffering a stroke, suffers from hypertension, had heart bypass surgery, hypothyroidism, allergic rhinitis, pulmonary nodules and, in the past, had his appendix removed and underwent a bowel operation to remove an obstruction. Defendant clearly is not in good physical health and home confinement would not only be appropriate, but it would be humane, just and would save the Bureau of Prisons the costs of continued medical care.

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

C. §5H1.6. *Family ties and responsibilities.*

Defendant has numerous familial ties and responsibilities. Defendant has a total of five children and eight grandchildren, and his wife suffers from arthritis and is not in the best of health. Throughout his life, Defendant has been a good father, has provided for his children and for his family, and requests the Court to take this into consideration regarding his sentence.

D. §5H1.7. *Role in the offense.*

Defendant was clearly a minor participant in this offense and this is Defendant's first experience in drug trafficking. Defendant is sorry for what he has done and has cooperated with the government with respect to this first time offense.

E. §5H1.8. *Criminal history.*

Defendant, during his life in the United States of America, had committed only one prior crime, which was essentially reckless driving and driving under the influence of alcohol. Defendant is not a career felon or a continuing criminal and requests that the Court will take this into consideration at his sentencing.

F. *Retribution, Deterrence, Nature of Offense, Rehabilitation, Types of Sentence Available, and Restitution.*

a. *Retribution.* In the instant case, there is no need for retribution against Defendant. Defendant has already served over 220 days of incarceration, he is sick and old, further imprisonment would serve no purpose.

b. *Deterrence.* There is no need to deter the Defendant from committing such acts in the future. Defendant has accepted responsibility and expressed his extreme remorse for the crime that he has committed and would not commit such a crime again.

c. *Nature of Offense.* Defendant clearly committed a serious offense by sending

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

methamphetamine to Guam. However, Defendant did so at the request of a friend and also to help his son, who was incarcerated for a similar crime. Although the crime was extremely serious, it should not preclude the Court from being lenient with the Defendant.

  d. ***Rehabilitation.*** In the instant case, there is no need to rehabilitate the Defendant. This is the first offense for the Defendant and the Defendant does not use drugs, did not sell drugs for his livelihood and this was a one time deal in which the Defendant has expressed his sincere remorse and will never do it again and, therefore, no rehabilitation is required.

  e. ***Types of Sentences available.*** It is Defendant's sincere hope that with the downward departure request from the government, and the Court taking into consideration all of the factors listed, that Defendant would fall into a category which would allow probation and/or home confinement, and Defendant humbly begs the Court to consider this request.

  f. ***Restitution.*** There is no restitution in the instant case.

### III.

### FINAL FACTORS FOR THE COURT TO CONSIDER.

As stated above, the Defendant is an elderly and extremely unhealthy individual who has accepted responsibility for his actions; has expressed his sincere remorse to all parties involved; and has promised never to commit an offense such as this again. Defendant is a family man and a good father; has pled guilty twice in this case; has never violated the conditions of his supervised release; has cooperated with the government; and has appeared at all Court hearings on Guam at

///

///

///

///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

Case 1:00-cr-00125 Document 142 -4- Filed 08/04/2005 Page 4 of 5

considerable expense to him considering that he lives in Los Angeles, California. The Defendant has only committed this offense once and has a relatively clear criminal history. The Defendant has been truthful and admitted everything to the government and, based on all of these factors, the Defendant humbly asks the Court to impose a sentence of probation and/or home confinement.

Dated at Hagåtña, Guam, on August 4, 2005.

**TEKER TORRES & TEKER, P.C.**

By: _____
**SAMUEL S. TEKER, ESQ.**
*Attorneys for Defendant, Romeo Alado*

LJT:cs
PLDGS:ALADO, ROMEO:010