DISTRICT COURT OF GUAM
TERRITORY OF GUAM
** *SECOND AMENDED* CRIMINAL MINUTES - GENERAL
SENTENCING

FILED
DISTRICT COURT OF GUAM
AUG - 8 2005
MARY L.M. MORAN
CLERK OF COURT

CASE NO. CR- 00-00125-002    DATE: 08/05/2005

HON. CONSUELO B. MARSHALL, Designated Judge, Presiding    Law Clerk: NONE PRESENT
Court Reporter: Wanda Miles    Courtroom Deputy: Virginia T. Kilgore
Hearing Electronically Recorded - 10:38:27- 11:36:43    CSO: J. Lizama
Hearing Electronically Recorded - 11:53:44 - 12:07:42

*********************** **A P P E A R A N C E S** ***************************

**DEFT: ROMEO ALADO**    **ATTY : SAMUEL TEKER**
( X ) NOT PRESENT  ( ) CUSTODY  ( ) BOND  ( X ) P.R.    ( X ) PRESENT ( ) RETAINED ( ) FPD ( X ) CJA APPOINTED

U.S. ATTORNEY: MARIVIC DAVID    AGENT: ROBERT ROBERTSON, BUREAU OF CUSTOMS
                                 & IMMIGRATION ENFORCEMENT

U.S. PROBATION: MARIA CRUZ    U.S. MARSHAL: J. CURRY

INTERPRETER:    PRIMO CABURIAN, Previously sworn

( ) ARGUMENT FOR A DOWNWARD DEPARTURE BY THE___GOVERNMENT __ DEFENSE ___GRANTED
    COURT DEPARTS TO A LEVEL_____ FROM A LEVEL_____

( ) ARGUMENT FOR AN UPWARD DEPARTURE BY THE    __ GOVERNMENT __ DEFENSE

( X ) COURT STATES THE APPROPRIATE BASE OFFENSE LEVELS _____
    Base offense level:   31    Total offense level:   24    Criminal History Category:   I

    NO OBJECTIONS BY THE GOVERNMENT AND DEFENSE

( X ) ATTORNEY FOR DEFENDANT ADDRESSES THE COURT:
Requested the Court for leniency in sentencing the Defendant and stated that the Defendant played a minor role in the offense. He further requested the Court for a judicial recommendation for Los Angeles, California.

( X ) DEFENDANT ADDRESSES THE COURT AND APOLOGIZES

( X ) GOVERNMENT ADDRESSES THE COURT AND MAKES ITS RECOMMENDATION:
Recommended the Court depart to a level 21. Government moved to Dismiss Count II and III of the Second Superseding Indictment. GRANTED.

( ) LETTER(S) OF RECOMMENDATION RECEIVED BY THE COURT

NOTES/OTHER MATTERS:

The Court GRANTED the Government's 5K1.1 motion. The Court and counsel discussed the sentence which was given to the co-defendant and defendants in other cases and Defendant's role in this case. Agent Robertson addressed the Court. Defendant waived formal arraignment for sentencing. The Court imposed sentence and ORDERED the Defendant to report to the U.S. Pretrial Service Office at 312 North Spring, Los Angeles, California, for supervision upon his arrival.

| | |
|---|---|
| SENTENCE: CR-00-00125-002 | DEFENDANT: ROMEO ALADO |

( X )  DEFENDANT COMMITTED TO THE BUREAU OF PRISONS FOR A TERM OF 37 MONTHS WITH CREDIT FOR TIME SERVED (APPROXIMATELY 225 DAYS).

( X )  DEFENDANT SHALL SELF-SURRENDER TO THE U.S. MARSHAL SERVICE AT 312 NORTH SPRING, LOS ANGELES, CALIFORNIA, NO LATER THAN SEPTEMBER 14, 2005, AT 12 NOON. IF DESIGNATION DOES NOT OCCUR AT THAT TIME, COUNSEL MAY STIPULATE TO A LATER DATE FOR DEFENDANT TO SELF-SURRENDER.

( X )  COURT RECOMMENDATION TO THE BUREAU OF PRISONS AT VICTORVILLE OR TERMINAL ISLAND IN CALIFORNIA.

( X )  UPON RELEASE FROM IMPRISONMENT, DEFENDANT IS PLACED ON SUPERVISED RELEASE FOR A TERM OF THREE YEARS .

THE TERM OF SUPERVISED RELEASE WILL INCLUDE THE FOLLOWING CONDITIONS:

1. DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME.

2. DEFENDANT SHALL NOT UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE AND SHALL REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE. HE SHALL SUBMIT TO ONE DRUG TEST WITHIN 15 DAYS OF RELEASE FROM IMPRISONMENT AND AT LEAST TWO PERIODIC DRUG TESTS THEREAFTER FOR USE OF A CONTROLLED SUBSTANCE.

3. DEFENDANT SHALL SUBMIT TO THE COLLECTION OF A DNA SAMPLE AT THE DIRECTION OF THE U.S. PROBATION OFFICE.

4. DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE AS SET FORTH BY THE U.S. SENTENCING COMMISSION AND UNDER 18 U.S.C. § 3583.

5. DEFENDANT SHALL BE PROHIBITED FROM POSSESSING A FIREARM OR OTHER DANGEROUS WEAPON.

6. DEFENDANT SHALL REFRAIN FROM THE USE OF ALL ALCOHOLIC BEVERAGES.

7. DEFENDANT SHALL PARTICIPATE IN A PROGRAM APPROVED BY THE U.S. PROBATION OFFICE FOR SUBSTANCE ABUSE, WHICH PROGRAM MAY INCLUDE TESTING TO DETERMINE WHETHER THE DEFENDANT HAS REVERTED TO THE USE OF DRUGS OR ALCOHOL. THE DEFENDANT SHALL ALSO MAKE CO-PAYMENT FOR THE PROGRAM AT A RATE TO BE DETERMINED BY THE U.S. PROBATION OFFICE.

IT IS FURTHER ORDERED THAT THE DEFENDANT PAY TO THE UNITED STATES A SPECIAL ASSESSMENT FEE OF $100.00 TO BE PAID IMMEDIATELY OR DURING THE PERIOD OF SUPERVISED RELEASE.

PURSUANT TO SECTION 5E1.2(f) OF THE GUIDELINE RANGE, ALL FINES ARE WAIVED SINCE IT HAS BEEN DETERMINED THAT THE DEFENDANT DOES NOT HAVE THE ABILITY TO PAY.

COURT STATES THE JUSTIFICATION OF SENTENCE IMPOSED. DEFENDANT ADVISED OF HIS APPEAL RIGHTS.

*\*Amended to reflect judicial recommendation and to remove duplicate supervised release conditions and the condition that while in prison defendant participate in vocational programs.*