# United States District Court

for

## *District of Guam*

### Report for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
(Probation Form 49, Waiver of Hearings is Attached)

Name of Offender     **Romeo Alado a.k.a. Roming Alado**     Case Number:  **CR 00-00125-002**

Name of Sentencing Judicial Officer:     Consuelo B. Marshall, Designated Judge

Date of Original Sentence:     August 5, 2005

Original Offense:     Conspiracy to Distribute Methamphetamine Hydrochloride, in violation of 21 United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii) and 846

Original Sentence:     37 months imprisonment followed by three years supervised release with conditions to include: not commit another federal, state, or local crime; not possess a firearm, ammunition, destructive devise, or any other dangerous weapon; cooperate in the collection of DNA; comply with the standard conditions of supervised release as set forth by the U.S. Sentencing Commission and under 18 U.S.C. § 3583; refrain from the use of alcoholic beverages; participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol and shall make co–payment for the program at a rate to be determined by the Probation Office; and pay a $100 special assessment fee.

Type of Supervision:     **Supervised Release**     Date Supervision Commenced:     **November 7, 2007**

## PETITIONING THE COURT

☐     To extend the term of supervision          years, for a total term          years.

☒     To modify the conditions of supervision as follow:

1.     The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four tests per month, as directed by the probation officer, pursuant to 18 U.S.C. § 3583(d).

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. § 3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the court in determining the appropriate number of drug tests, the undersigned officer has evaluated Romeo Alado's history of substance abuse. In addition, he is participating in the outpatient substance abuse treatment program. Given the established relationship between substance abuse and criminal activity, controlling strategies to detect substance abuse and prompt intervention need to be continued following successful transition from the treatment program.

Based on a request from the Central District of California, U.S. Probation Officer Graciela Corral is recommending that the maximum number of tests the court orders per month be set at four. This will allow for adequate time intervals between tests which will help facilitate the detection of use. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Mr. Alado's mandatory condition to set the maximum number of tests that he must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four tests per month, as directed by the probation officer, pursuant to 18 U.S.C. § 3583(d)."

This Officer respectfully requests that the court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Alado's consent to the modification.

Reviewed by:                                           Respectfully submitted,

                                                       by:

/s/ CARMEN D. O'MALLAN                                 /s/ MARIA C. CRUZ
U.S. Probation Officer Specialist                      U.S. Probation Officer
Supervision Unit Leader

Date:  February 15, 2008                               Date:   February 15, 2008

THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other         Issuance of a:   ☐ Summons      ☐ Warrant



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Feb 22, 2008**